UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MANUEL GONZALES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 17-166-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MEIJER, INC., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiff Manuel Gonzales's motion to remand this case to the Scott Circuit Court. [Record No. 8] The motion will be granted because Defendant Meijer, Inc. has failed to demonstrate that it is more likely than not that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

Gonzales filed this action in Scott Circuit Court on March 13, 2017. [Record No. 1, Ex. 1] His claims are based on a slip and fall that occurred at the defendant's store that allegedly caused "severe and permanent injuries." [*Id.*] Meijer removed the action on April 5, 2017, pursuant to 28 U.S.C. § 1332(a)(1). [Record No. 1] It asserted that the amount in controversy was in excess of $75,000.00, exclusive of interests and costs. Gonzales has moved to remand the case to state court because the defendant has failed to establish the amount-in-controversy requirement.[1] [Record No. 8]

---

[1] The plaintiff also alleges that the defendant has failed to allege its state of incorporation or its principal place of business. However, the defendant made these allegations in its response to the Court's Show Cause Order. [Record Nos. 5, 6]

A case may be removed to federal court only if it is one over which the federal court could exercise original jurisdiction. 28 U.S.C. § 1441(a). Further, federal courts are required to construe removal jurisdiction narrowly and all doubts are resolved in favor of remand. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). When jurisdiction is challenged, "the defendants must affirmatively come forward with competent proof showing that the amount-in-controversy requirement is satisfied." *Burgett v. Troy-Bilt LLC*, No. 11-110-ART, 2011 WL 4715176, at *1 (E.D. Ky. October 5, 2011). And where, as here, the complaint seeks indeterminate damages, "the defendant should engage in discovery on the issue before removing the case." *Id*. at *3 (citations omitted).

In *Giffin v. Runyons*, No. 11-146-ART, 2011 WL 5025074, at *1 (E.D. Ky. October 21, 2011), the plaintiff alleged "irreparable and permanent damage to his arm, neck, back, head, and other parts of his body." The defendant sought to establish that the amount-in-controversy requirement was satisfied by introducing evidence that the plaintiff had $10,000 in medical expenses and $15,000 in lost wages. *Id*. at *2. Although this amount was far less than $75,000, the defendant argued that the serious nature of the plaintiff's injuries and alleged pain and suffering, future medical expenses, and punitive damages compelled the "common sense conclusion" that damages would exceed $75,000. *Id*. at *3. However, the court observed that the nature of the damages claimed was "abstract" and declined to accept the defendant's insufficiently-supported claim that the amount-in-controversy requirement was satisfied. *Id*. at *4.

Like in *Giffin*, the defendant here fails to introduce competent proof showing that it is more likely than not that the amount in controversy exceeds $75,000.00, exclusive of interests and costs. Instead, the defendant asks the Court to speculate that this requirement is satisfied.

But the only clear proof of damages that the defendant discusses concerns medical expenses totaling $12,256.56, which is described as "the bulk of" the plaintiff's medical bills. [Record No. 9] This falls well below the amount in controversy that the defendant must show to avoid remand. To make up the difference, Meijer references the average pain and suffering multipliers in Kentucky and asserts that the plaintiff's likely pain and suffering award would meet or exceed $56,490.48.[2] [*Id.* at 4]

Even assuming that the average multiplier accurately reflects a pain and suffering award that Gonzales would likely recover in this case, it is still insufficient. The defendant thus contends that the remaining damages sought—future medical expenses, past lost wages, future impairment to earn money, and actual consequential, incidental, and foreseeable damages—will bring the total amount in controversy in excess of $75,000.00. However, the record provides no basis for this conclusion.

There are no allegations regarding the plaintiff's employment or the severity of his injuries, making it difficult to gauge the value of these "abstract" damages without resorting to guess-work. Because all doubts must be resolved in favor of remand, the Court must decline to conclude that the amount-in-controversy requirement is satisfied based on the scant evidence that the defendant presents. Accordingly, it is hereby

**ORDERED** that the plaintiff's motion [Record No. 8] is **GRANTED**. This matter is **REMANDED** to the Scott Circuit Court for further proceedings.

---

[2] This amount is based only on the pain and suffering multiplier for knee injuries, which the defendant applies because of its conclusion that the plaintiff's knee injury will likely by his primary complaint. [Record No. 9, p. 3] The defendant also references the pain and suffering award based on the average multiplier for each of the types of injuries that the plaintiff suffered, which would be $32,905.79 for a total damages award of $45,162.36. [*Id.*] The Court will assume the higher damage amount for purposes of this analysis.

This 20th day of June, 2017.



Signed By:
Danny C. Reeves   DCR
United States District Judge